Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Gary L. Merchant,<br><br>    Plaintiff<br><br>v.<br><br>Corizon Health, Inc., Corizon, L.L.C., Idaho Department of Corrections, Warden Keith Yordy, and John/Jane Does I-X, whose true identities are presently unknown,<br><br>    Defendants | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Gary L. Merchant, by and through his attorney of record, Jason R.N. Monteleone of Johnson & Monteleone, L.L.P., and, for cause(s) of action against Defendants, alleges, avers, and states as follows:

### JURISDICTION

1.    The United States District Court for the District of Idaho has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §1983, 42 U.S.C. §1331, and 28 U.S.C. §1343(a)(3).

**COMPLAINT AND DEMAND FOR JURY TRIAL -- 1**

## VENUE

2. The United States District Court for the District of Idaho is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to Plaintiff's claims, occurred in this district.

## PARTIES

3. Plaintiff, Gary L. Merchant, is now, and at all relevant times herein was, a resident of Ada County, Idaho, as he has been incarcerated at the Idaho State Correctional Institution ("ISCI") located at 13500 S. Pleasant Valley Road, Kuna, Idaho 83634.

4. The Corizon Defendants are private corporations contracted by the Idaho Department of Corrections ("IDOC") to provide medical services to prisoners housed at ISCI.

5. Defendant, IDOC, is a state agency which provides correctional services throughout the state of Idaho.

6. Defendant Warden Keith Yordy, was the acting warden at ISCI and also its medical unit, ICC, at all times relevant to this action and is employed by IDOC.

7. At all times relevant to this action, John/Jane Does I through X, whose true identities are presently unknown ("the Doe Defendants"), Defendants, are now and at all times relevant to this action were entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of the Defendants specifically identified herein or are entities or individuals

acting on behalf of, in a master/servant or principal/agent relationship with, or in concert with Defendants named herein.

8. At all times relevant to the events described herein, all Defendants were acting under color of state law and are thus sued in the individual as well as official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

10. Corizon Defendants, a for-profit corporation, has a history, policy, and/or practice of denying or delaying prisoners' medical treatment at the Idaho State Correctional Institution ("ISCI"), including Plaintiff.

11. Corizon Defendants has a history of not hiring qualified medical staff to care for the prisoners at ISCI.

12. Corizon Defendants were responsible for providing medical care and treatment to Plaintiff during the period of time, while Plaintiff was incarcerated, from early January 2016 until he was transported to St. Luke's Regional Medical Center ("SLRMC") in Boise on February 6, 2016.

13. In order to obtain appropriate, medical care and treatment away from the correctional facility, Plaintiff swallowed a small, pencil sharpener razor blade, so the correctional personnel would be forced to transport Plaintiff to SLRMC for appropriate, medical care for his left leg, which had developed a life-threatening infection of the soft tissues.

14. Corizon Defendants breached the local standards of care by failing to properly evaluate, examine, diagnose, and treat the severe infection that had been roiling in Plaintiff's left leg.

15. Corizon Defendants were clearly ignoring a medical emergency which resulted from the severe soft tissue infection in Plaintiff's left leg. Corizon Defendants were also failing to properly care for Plaintiff's Crohn's Disease and breached the local standards of care in this regard as well.

16. Following his transport to SLRMC, Plaintiff was admitted inpatient to SLRMC on February 7, 2017, into the Critical Care Unit. He was critically ill due to a necrotizing soft tissue infection of his left leg and he was diagnosed at SLRMC with severe sepsis and septic shock and was also suffering from severe, abdominal pain and vomiting due to a flare-up of his Chrohn's Disease.

17. Due to the seriousness of the left leg infection, Plaintiff was immediately taken to the operating room for extensive debridement of the dead tissue in Plaintiff's left leg due to the soft tissue infection.

18. Ultimately, Plaintiff's left leg was amputated above the knee.

19. Further, numerous other medical issues developed due to Respondent's negligence (i.e. a significant stroke, uncontrollable pain in the amputated leg, removal of a portion of his intestines which had been damaged due to the untreated Crohn's Disease, and the performance of a colostomy).

20. Plaintiff was discharged from SLRMC on March 8, 2016, after an entire month of inpatient hospitalization.

21. Plaintiff did not receive his prosthetic leg until October 3, 2016, which was seven (7) months after his discharge from SLRMC. This significant delay led to preventable complications and further evidences the breaches of the local standards of care by Corizon Defendants.

22. Corizon Defendants has a history, policy, and/or practice of requiring medical staff to keep costs down by denying, and/or delaying prisoners' medical treatment.

23. Defendants exhibited deliberate indifference to Plaintiff's medical needs, while Plaintiff was incarcerated at ISCI and a ward of the Idaho Depart of Corrections ("IDOC").

24. By Corizon Defendants' history, policies, and/or practices to treat every prisoner the same regardless of their medical condition, in destroying, concealing, and/or losing prisoners' medical records, and by denying and/or delaying prisoners' medical treatment, Plaintiff suffered serious, health conditions included, but was not limited to, necrotizing fasciitis, severe sepsis, with septic shock, encephalopathy, respiratory and renal failure, cerebral infarction, and/or other significant infection(s) secondary to group A *Streptococcus aureus* or other microbes.

25. Corizon Defendants failed to diagnose and treat these serious, health conditions which Plaintiff was experiencing, while he was incarcerated at the Idaho State Correctional Institution (hereafter "ISCI"). These conditions caused Plaintiff to have his left leg amputated above the knee, to suffer a stroke or other vascular and or ischemic events, and to develop dangerous health conditions. The above-the-knee amputation of Plaintiff's left leg occurred on February 7, 2016.

26. During the period of time in question (i.e. January and February 2016), Defendants exhibited deliberate indifference to Plaintiff's serious, medical conditions and healthcare needs.

27. Following Plaintiff's return to ISCI on March 8, 2016, after being discharged from St. Luke's Regional Medical Center ("SLRMC") in Boise, Idaho, Corizon Defendants continued to provide substandard, medical care and to exhibit deliberate indifference to Plaintiff's serious, medical conditions.

28. Further, as Corizon Defendants had repeatedly failed to properly address, monitor, treat, or otherwise care for Plaintiff's serious, medical conditions, Plaintiff was left with no alternative but to swallow a small, pencil sharpener blade in order to force Corizon Defendants to transport Plaintiff to an acute care general hospital, which was (hereafter SLRMC in Boise. This set of circumstances highlights the deliberate which Defendants exhibited to Plaintiff.

29. Plaintiff has suffered significant tort damages for his personal injuries, including, but not limited to, the amputation of his left leg above the knee, medical expenses to date, future medical expenses, pain, suffering, emotional distress, mental anguish, physical disability, disfigurement, and permanent impairment due to Defendants' failure to timely and properly diagnose and treat Plaintiff's serious, medical conditions necessitating amputation of his left leg above the knee and also Defendants' failure to reasonably and promptly transfer Plaintiff to an acute care general hospital.

30. Plaintiff has exhausted all his administrative remedies regarding all the subject matters of this complaint and as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997, *et seq.*

31. Plaintiff alleges that his constitutional rights and privileges were violated due to the inadequate provision of medical care to Plaintiff, while he was incarcerated.

32. By Defendants having a policy and custom in delaying and denying prisoners medical treatment to save costs in order to make a profit, by Corizon Defendants not hiring qualified medical staff, and by Defendants having a policy and custom of delivering substandard, medical care to the inmates in their care and custody, Plaintiff has been subjected to cruel and unusual punishment in violation of his Eighth Amendment right to the United States Constitution.

33. Defendants' custom of not hiring qualified staff to work at ISCI resulted in Gary Merchant's medical needs not being addressed and amounted to deliberate indifference to Plaintiff's medical needs in violation of his Eighth Amendment right to the United States Constitution.

34. Due to Corizon Defendants' failure to treat Gary Merchant's serious, medical conditions. Plaintiff suffered an amputation of his left leg above the knee, amounting to deliberate indifference to Plaintiff's medical needs in violation of his Eighth Amendment right to the United States Constitution.

35. Corizon Defendants' provision of medical care failed to meet the applicable, local standards of healthcare practice, as set forth in I.C. §§6-1012 and 1013 and amounts to medical malpractice, negligence, recklessness, willful and wanton conduct, and/or deliberate indifference to Plaintiff's serious, medical needs.

## FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

36. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

37. This cause of action is asserted against all Defendants.

38. Defendants were acting under color of state law while Plaintiff was under their care and custody and deprived Plaintiff of certain rights, privileges, and/or immunities which were secured by the United States Constitution and other laws. This deprivation of rights, privileges, and/or immunities (i.e. deliberate indifference to Plaintiff's serious, medical needs) has caused Plaintiff to suffer damages in amounts to be determined at trial.

39. As a direct and proximate result of Defendants' deprivation of the rights, privileges, and/or immunities due Plaintiff, Plaintiff has suffered damages which have been caused by Defendants.

40. As a result of Defendants' conduct, Plaintiff has been required to retain the professional services of legal counsel in order to pursue the instant action to assert her legal and civil rights, and thus Plaintiff requests an award of attorney fees and costs related to the prosecution of the instant matter.

## SECOND CAUSE OF ACTION – MEDICAL NEGLIGENCE/MALPRACTICE

41. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

42. This cause of action is asserted against all Defendants.

43. Defendants owed Plaintiff duties of care to act reasonably and to provide him with competent, medical services which complied with the standards of healthcare practice for the geographic community in and surrounding Boise, Idaho, for the relevant time period.

44. Defendants breached the duties of care which they owed Plaintiff, failed to provide competent, medical services to Plaintiff, and breached the local standards of healthcare practice in the relevant community (i.e. Boise, Idaho, in January and February 2016) during the relevant time period. The specific breaches of the local standards of care applicable to this case include, but are not limited to, the following:

   a. Failing to properly evaluate, examine, diagnose, and treat Plaintiff's necrotizing, left leg, soft tissue infection;

   b. Failing to properly and timely transport Plaintiff to SLRMC;

   c. Failing to properly diagnose and treat Plaintiff's Crohn's Disease;

   d. In light of Plaintiff's history of congestive heart failure, a heart attack and worsening heart failure should have been considered and excluded. Respondents performed so such investigation. Failing to do so was a breach of the local standard of care;

   e. Despite the lack of a proper evaluation, examination, and diagnosis of Plaintiff's left leg, Respondent Migliori prescribed Lasix (a diuretic), resuming a blood thinner (Coumadin), and also prescribed pressure stockings to control the swelling in Plaintiff's left leg. These therapies were potentially harmful to Plaintiff, particularly the pressure stockings in light of the necrotizing, soft tissue infection in the left leg. Ordering these harmful therapies without pursuing a proper diagnosis was a breach of the local standard of care; and

   f. In the week prior to Plaintiff's hospitalization at SLRMC, Plaintiff had requested medical care in writing five times. His pleas for proper, medical

care fell and deaf ears and were not addressed by Respondents. The failure to properly address these repeated requests for proper, medical care outside of the correctional facility was a breach of the local standard of care.

45. Defendants' breaches of the duties of care which they owed Plaintiff and their violations of the applicable, local standards of healthcare practice, as outlined above, were the proximate cause of damages to Plaintiff.

46. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has incurred significant medical bills and other economic, special damages in amounts to be proven at trial.

47. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

48. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proved at trial.

49. Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the attorney fees and litigation costs associated with this representation be paid by Defendants.

## THIRD CAUSE OF ACTION – NEGLIGENT RETENTION, TRAINING, AND SUPERVISION

50. Plaintiff realleges the foregoing paragraphs as though fully set forth *in haec verba*.

51. These causes of action are asserted only against Corizon Defendants.

52. Corizon Defendants repeatedly failed to hire competent, qualified, medical staff at ISCI, though it had a duty to do so.

53. Corizon Defendants had a duty to properly and reasonably train and supervise their employees and/or agents who worked with Plaintiff.

54. Corizon Defendants failed to properly supervise and/or train its employees and/or agents relative to their examination, treatment, reporting, and medical oversight of Plaintiff.

55. Defendants' failure to properly supervise and/or train its employees and/or agents was/were the proximate cause(s) of damages to Plaintiff.

56. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has incurred significant medical bills and other economic, special damages in amounts to be proven at trial.

57. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

58. As a direct and proximate result of the acts and omissions of Defendants, as well as their negligent, reckless, willful, wanton, and/or otherwise tortious conduct, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional

distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proved at trial.

59.     Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that his attorney fees and litigation costs associated with this representation be paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's special and general damages in amounts which may be proven at trial and which meet the jurisdictional threshold of the District Court;
2. For costs of the action incurred herein;
3. For reasonable attorney fees to be determined by the Court; and
4. For such other and further relief, as this Court deems just, equitable, and proper.

DATED: This 23rd day of December, 2017.

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury on any and all issues properly triable by jury in this action.

DATED: This 23rd day of December, 2017.

JOHNSON & MONTELEONE, L.L.P.

*/s/ Jason R.N. Monteleone*
Jason R.N. Monteleone
Attorneys for Plaintiff