J. Kevin West, ISB #3337
Email: KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
Email: DEaton@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:     (208) 562-4900
Facsimile:      (208) 562-4901

Counsel for Defendants Corizon, LLC, John Migliori, M.D. and David Agler, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY L. MERCHANT, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:17-cv-524-BLW |
| v. | |
| CORIZON, L.L.C., JOHN MIGLIORI, M.D., DAVID AGLER, M.D., IDAHO DEPARTMENT OF CORRECTIONS, WARDEN KEITH YORDY, and JOHN/JANE DOES I-X, whose true identities are presently unknown, | **DEFENDANTS CORIZON, LLC, JOHN MIGLIORI, M.D. AND DAVID AGLER, M.D.'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

COME NOW Defendants, Corizon, LLC, John Migliori, M.D. and David Agler, M.D.,

(hereinafter "Corizon Defendants"), by and through their counsel of record, the law firm of Parsons

Behle & Latimer, and in answer to Plaintiff's First Amended Complaint and Demand for Jury Trial

(hereinafter "Complaint") on file herein, answer, allege, and state as follows:

## FIRST DEFENSE

Plaintiff's Amended Complaint, and each and every allegation contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Corizon Defendants deny each and every allegation in Plaintiff's Amended Complaint, except those allegations specifically admitted herein.

## THIRD DEFENSE

With respect to the specific allegations contained in Plaintiff's Amended Complaint, Corizon Defendants admit or deny as follows:

## JURISDICTION

1.      Corizon Defendants admit to jurisdiction in the above-captioned court of Plaintiff's cause of action under 42 U.S.C. Section 1983 and supplement jurisdiction of the state negligence claims.  The remainder of the allegations are denied as calling for a legal conclusion.

## VENUE

2.      Corizon Defendants admit to this Court having venue.   The remainder of the allegations are denied as calling for a legal conclusion.

## PARTIES

3.      Based on information and belief, Plaintiff Merchant has been housed at Idaho State Correctional Institution (ISCI) and Idaho State Correctional Center (ISCC) at various times during his incarceration.  The remainder of the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4.      Corizon Defendants admit that Corizon LLC is a private Limited Liability Company and has entered into a contract with the Idaho Department of Corrections to provide

certain medical and mental health care services to inmates at Idaho prisons, including ISCI and ISCC, during some or all of the relevant time periods at issue in this case.  The remainder of the allegations are denied.

5.      Corizon Defendants admit that Defendant John Migliori, M.D. (Dr. Migliori), has been licensed to practice medicine in Idaho since about 1996 and has been employed by Corizon since about April 2015 to present and has worked at ISCI and ISCC.  The remainder of the allegations are denied.

6.      Corizon Defendants admit that Defendant David Agler, M.D. (Dr. Agler), has been licensed to practice medicine in Idaho since about 2007 and was employed by Corizon from about July 2014 to November 2016 and has worked at ISCI and ISCC.  The remainder of the allegations are denied.

7.      Corizon Defendants admit the allegations in paragraph 7 of Plaintiff's Amended Complaint based on knowledge and information.

8.      The allegations in paragraph 8 of Plaintiff's Amended Complaint are not directed at the answering defendants and therefore are denied on that basis.

9.      The allegations in paragraph 9 of Plaintiff's Complaint are denied because they relate to unnamed John/Jane Doe defendants.

10.     The allegations in paragraph 10 are denied as calling for a legal conclusion.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     See the above responses and answers in the preceding paragraphs and in this Answer herein.

12.     Corizon Defendants deny the allegations in paragraph 12 of Plaintiff's Amended Complaint.

13.     Corizon Defendants deny the allegations in paragraph 13 of Plaintiff's Amended Complaint.

14.     Corizon Defendants admit that Corizon LLC had a contract to provide medical services to ISCI and ISCC inmates, including Plaintiff, from early January 2016 to February 6, 2016 and that Dr. Migliori provided appropriate medical care and treatment to Plaintiff at certain times during this time period along with other Corizon medical providers.  Corizon Defendants admit that Plaintiff was transported to St. Luke's on or about February 6-7, 2016.  Corizon Defendants deny that Dr. Agler provided medical treatment to Plaintiff from the time period of early January 2016 to February 6, 2016.  The remainder of the allegations are denied.

15.     Corizon Defendants admit that Plaintiff was receiving proper and appropriate medical care and that Plaintiff refused to be seen, among other times, by Dr. Migliori on February 3, 2016; refused to be seen by a medical provider in sick call in the late afternoon (approximately at 2:30 p.m.) on February 6, 2016; and also cut an appointment short with a medical provider around 9:30 p.m. on February 6, 2016.  Corizon Defendants admit that Plaintiff reported to a medical provider around 10:30 p.m. on February 6, 2016 that he swallowed a razor blade, which was from a pencil sharpener, and he was then immediately transported to St. Luke's Regional Medical Center (St. Luke's) for further examination and treatment.  The remainder of the allegations are denied for lack of information or knowledge.

16.     Corizon Defendants deny the allegations in paragraph 16 of Plaintiff's Amended Complaint.

17.     Corizon Defendants deny the allegations in paragraph 17 of Plaintiff's Amended Complaint.

18.     Corizon Defendants admit that Plaintiff was admitted as an inpatient at St. Luke's

early in the morning on February 7, 2017 and that the medical records from St. Luke's and other offsite medical providers speak for themselves regarding Plaintiff's medical conditions while at the hospital.  The remainder of the allegations are denied.

19.     Corizon Defendants admit that the medical records from St. Luke's and other offsite medical providers speak for themselves regarding Plaintiff's medical conditions while at the hospital.  The remainder of the allegations are denied.

20.     Corizon Defendants admit that Plaintiff underwent a left above-knee amputation on or about February 7, 2016.  The remainder of the allegations are denied.

21.     Corizon Defendants deny the allegations in paragraph 21 of Plaintiff's Amended Complaint of wrongdoing or negligence on their part and deny that Plaintiff's Crohn's Disease was untreated.  Corzion Defendants admit that the medical records from St. Luke's and other offsite providers speak for themselves regarding Plaintiff's medical conditions while at the hospital.  The remainder of the allegations are denied.

22.     Corizon Defendants admit that Plaintiff was discharged from St. Luke's on or about March 8, 2016 and transported back to ISCC at that time.

23.     Corizon Defendants admit that Corizon medical providers appropriately waited for Plaintiff's legs to get stronger, including through physical therapy, and for the surgical area to heal and swelling to subside after the amputation and then coordinated with Brownfield's Prosthetics & Orthotics to be evaluated and fitted for a prosthetic.  Plaintiff was first evaluated by Brownfield on or about June 10, 2016 and then had several follow-up visits with Brownfield for fittings and adjustments to the prosthetic.  Plaintiff then received his prosthetic on or about October 3, 2016. Corizon Defendants deny the remainder of the allegations, including denying there was any inappropriate delay in getting the prosthetic and denying that Corizon Defendants' care and

treatment was inappropriate or breached the applicable standards of care.

24.     Corizon Defendants deny the allegations in paragraph 24 of Plaintiff's Amended Complaint.

25.     Corizon Defendants deny the allegations in paragraph 25 of Plaintiff's Amended Complaint.

26.     Corizon Defendants deny the allegations in paragraph 26 of Plaintiff's Amended Complaint.

27.     Corizon Defendants admit only that the above-knee amputation of Plaintiff's left leg occurred on February 7, 2016.  Corizon Defendants deny the remainder of the allegations in paragraph 27 of Plaintiff's Amended Complaint, including denying that Corizon Defendants caused any of Plaintiff's health conditions, such as the above-knee amputation, stroke, or other vascular and or ischemic events.

28.     Corizon Defendants deny the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29.     Corizon Defendants deny the allegations in paragraph 29 of Plaintiff's Amended Complaint.

30.     Corizon Defendants deny the allegations in paragraph 30 of Plaintiff's Amended Complaint.

31.     Corizon Defendants deny the allegations in paragraph 31 of Plaintiff's Amended Complaint.

32.     Corizon Defendants deny the allegations in paragraph 32 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

33.     Corizon Defendants deny the allegations in paragraph 33 of Plaintiff's Amended

Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

34.     Corizon Defendants deny the allegations in paragraph 34 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

35.     Corizon Defendants deny the allegations in paragraph 35 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

36.     Corizon Defendants deny the allegations in paragraph 36 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

37.     Corizon Defendants deny the allegations in paragraph 37 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

## FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

38.     See the above responses and answers in the preceding paragraphs and in this Answer herein.

39.     The allegations in paragraph 39 of Plaintiff's Amended Complaint should not require a response.  To the extent a response is required, it is denied.

40.     Corizon Defendants deny the allegations in paragraph 40 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

41.     Corizon Defendants deny the allegations in paragraph 41 of Plaintiff's Amended Complaint as calling for a legal conclusion and for lack of information and knowledge at this time.

42.     The allegations in paragraph 42 of Plaintiff's Amended Complaint should not require a response and call for a legal conclusion.  To the extent a response is required, the allegations are denied and it is denied that Plaintiff is entitled to an award of fees and costs.

## SECOND CAUSE OF ACTION – MEDICAL NEGLIGENCE/MALPRACTICE

43.     See the above responses and answers in the preceding paragraphs and in this

Answer herein.

44.     The allegations in paragraph 44 of Plaintiff's Amended Complaint should not require a response.  To the extent a response is required, it is denied.

45.     Corizon Defendants admit that the law speaks for itself regarding duties of care that applied to them and deny the allegations in paragraph 45 as calling for a legal conclusion.

46.     Corizon Defendants deny the allegations in paragraph 46, including all of its subparts (a) through (e), of Plaintiff's Amended Complaint.

47.     Corizon Defendants deny the allegations in paragraph 47 of Plaintiff's Amended Complaint.

48.     Corizon Defendants deny the allegations in paragraph 48 of Plaintiff's Amended Complaint.

49.     Corizon Defendants deny the allegations in paragraph 49 of Plaintiff's Amended Complaint.

50.     Corizon Defendants deny the allegations in paragraph 48 of Plaintiff's Amended Complaint.

51.     The allegations in paragraph 51 of Plaintiff's Amended Complaint should not require a response and call for a legal conclusion.  To the extent a response is required, the allegations are denied and it is denied that Plaintiff is entitled to an award of fees and costs.

### THIRD CAUSE OF ACTION – NEGLIGENT RETENTION, TRAINING, AND SUPERVISION

52.     See the above responses and answers in the preceding paragraphs and in this Answer herein.

53.     The allegations in paragraph 53 of Plaintiff's Amended Complaint should not require a response.  To the extent a response is required, it is denied.

54.     Corizon Defendants deny the allegations in paragraph 54 of Plaintiff's Amended Complaint.

55.     Corizon Defendants admit that the law speaks for itself regarding duties of care that applied to them and deny the allegations in paragraph 55 as calling for a legal conclusion.

56. Corizon Defendants deny the allegations in paragraph 56 of Plaintiff's Amended Complaint.

57.     Corizon Defendants deny the allegations in paragraph 57 of Plaintiff's Amended Complaint.

58.     Corizon Defendants deny the allegations in paragraph 58 of Plaintiff's Amended Complaint.

59.     Corizon Defendants deny the allegations in paragraph 59 of Plaintiff's Amended Complaint.

60.     Corizon Defendants deny the allegations in paragraph 60 of Plaintiff's Amended Complaint.

61.     The allegations in paragraph 61 of Plaintiff's Amended Complaint should not require a response and call for a legal conclusion.  To the extent a response is required, the allegations are denied and it is denied that Plaintiff is entitled to an award of fees and costs.

**<u>PRAYER FOR RELIEF</u>**

Plaintiff's prayer for relief should not require a response, but Corizon Defendants deny that they are liable for any damages claimed and denies that Plaintiff is entitled to any of his requests for relief.

## DEMAND FOR JURY TRIAL

Corizon Defendants do not oppose a jury trial and, as stated below, request a jury trial as well.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the Plaintiff's Amended Complaint fails to state a claim against Corizon Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because Corizon Defendants at all times acted in a reasonable and prudent fashion, satisfying any duty, if any, which they owed under the rules, regulations, statutes, ordinances, customs, policies, and usages of the laws and the applicable standard of care of the State of Idaho and the United States, and no act or omission of Corizon Defendants proximately caused Plaintiff's damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the actions of Corizon Defendants have at all times been in reliance on the policies and procedures of the IDOC, and these policies and procedures are rationally related to legitimate penological objectives.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the

Eighth Amendment of United States Constitution and has not alleged facts which demonstrate that

Corizon Defendants acted with deliberate indifference to Plaintiff's medical needs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any,

were proximately caused by his own actions/inactions and/or the actions/inactions of third persons

or another party to this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any,

were caused in whole or in part by a preexisting condition, or the progression thereof, and not by

the negligence or fault of Corizon Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the

allegations contained in Plaintiff's Complaint do not rise to the level of deprivation of rights which

are protected by the United States Constitution or other federal law or any other legal provision

referred to in Plaintiff's Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because one or more Corizon Defendant is

immune from liability or damages, if any, pursuant to state and federal law and/or court rulings.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because

Plaintiff's alleged damages, if any, were proximately caused, in whole or in part, by the

superseding, intervening acts and/or omissions of the Plaintiff and/or other entities and/or persons

not parties to this action, and/or other parties to this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants by reason of Plaintiff's failure to exhaust his administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Corizon Defendants are not liable for any injury caused by the acts or omissions of any individuals under the doctrine of respondeat superior.

## TWELFTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiff did not arise as a result of, nor was there, any agreement, understanding, policy or procedure which deprived Plaintiff of any of Plaintiff's civil rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against Corizon Defendants are or may be barred by Idaho Code § 5-219(4) and/or other applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Corizon Defendants deny any wrongdoing, but in the alternative, assert that the facts regarding the medical care Plaintiff received as alleged by Plaintiff would, at most, assert a claim of negligence which is insufficient to give rise to a constitutional claim under 42 U.S.C. § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no physical injury and may not recover for any emotional injuries pursuant 42. U.S.C. § 1997(e) and other applicable federal and state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred by Idaho Code §§ 6-1603 and 6-1606.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Corizon and its medical providers provided proper and appropriate care and treatment to Plaintiff and met all applicable standards of care in doing so.  Corizon, to the extent required to do so, properly retained, trained and supervised the relevant medical providers at issue in this case. Corizon had proper customs, policies, procedures and protocols in place regarding the medical care at issue in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited under Idaho Code Sections 6-1001 through 1014.

## RESERVATION OF RIGHTS

Discovery has not yet commenced in this matter, the result of which may reveal additional defenses to Defendants.  Corizon Defendants reserve the right to amend this Answer in this regard.

## REQUEST FOR ATTORNEY FEES

In order to defend this action, Corizon Defendants have been required to retain the services of Parsons, Behle & Latimer, and are entitled to recover all attorney fees and costs incurred and related in any way or leading up to this lawsuit, pursuant to 42 U.S. § 1988 and the Federal Rules of Civil Procedure and other applicable federal and state laws and rules.

## DEMAND FOR JURY TRIAL

Corizon Defendants hereby demand a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Amended Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.      For judgment against the Plaintiff for Corizon Defendants' costs and attorney fees incurred in the defense of this matter; and

3.      For such other and further relief as this Court may deem just and proper under the circumstances.


DATED this 10th day of April, 2018.

                                PARSONS BEHLE & LATIMER


                                By: /s/ Dylan A. Eaton
                                     Dylan A. Eaton
                                     Counsel for Corizon Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 10th day of April, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
jason@treasurevalleylawyers.com
*(Counsel for Plaintiff)*

Leslie M. Hayes
IDAHO ATTORNEY GENERAL'S OFFICE
leslie.hayes@ag.idaho.gov
*(Counsel for Idaho Department of Corrections and Warden Keith Yordy)*

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton

DEFENDANTS CORIZON, LLC, JOHN MIGLIORI, M.D. AND DAVID AGLER, M.D.'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 15
4812-1000-0224v2