Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone:  (208) 331-2100
Facsimile:  (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Gary L. Merchant,<br><br>       Plaintiff<br><br>v.<br><br>Corizon, L.L.C., John Migliori, M.D., David Agler, M.D., Idaho Department of Corrections, Warden Keith Yordy, and John/Jane Does I-X, whose true identities are presently unknown,<br><br>       Defendants | **Case No.  1:17-cv-00524-BLW**<br><br>**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS ALL CLAIMS AGAINST THE STATE DEFENDANTS AND IN SUPPORT OF MOTION TO AMEND THE COMPLAINT** |

## I.) <u>INTRODUCTION</u>

The instant case is a correctional medicine case which involves the above-the-knee amputation of Plaintiff's left leg.  Generally stated, the allegations against Defendants, among other things, are that Defendants failed to properly diagnose and/or treat a severe infection which Plaintiff developed in his left leg and further delayed providing appropriate, medical care to Plaintiff for almost three (3) weeks, as unqualified, medical personnel were attending to Plaintiff. In order to obtain appropriate, medical care, Plaintiff was required to swallow a small razor blade

from a handheld pencil sharpener to secure his transport to a hospital away from the correctional facility.  The operative complaint in this action sets forth causes of action for a violation of 42 U.S.C. §1983, medical negligence/malpractice, and negligent retention training, and supervision.

With the instant motion, Defendants Idaho Department of Correction ("IDOC") and Warden Keith Yordy (i.e. the State Defendants) seek to dismiss with prejudice all claims pled against them.  Plaintiff does not oppose the instant motion relative to IDOC's and Warden Yordy's dismissal from this action regarding Plaintiff's claims of medical negligence/malpractice.  Plaintiff further does not oppose the instant motion relative to the dismissal of IDOC as a party-defendant in the §1983 claim.

However, for the reasons set forth below, the instant motion should be denied relative to Warden Yordy, in individual capacity, because Plaintiff's *First Amended Complaint and Demand for Jury Trial* ("*FAC*") (Dkt. 4) sufficiently pleads a §1983 claim against Defendant Yordy, in his individual capacity, for violating 42 U.S.C. §1983.  But if this Court finds that the *FAC* is facially deficient relative to the §1983 claim against Warden Yordy, in his individual capacity, then Plaintiff moves this Court for leave to amend the operative complaint to allege additional facts which demonstrate Defendant Yordy, in his individual capacity, should be found liable under §1983.

Additionally, with this filing, Plaintiff moves this Court to amend the *FAC* to allow him to name Warden Yordy, in his official and individual capacities, and IDOC as a party-defendants in the third cause of action in the *FAC* (i.e. negligent retention, training, and supervision).  The *FAC* only asserts this claim against the Defendants Corizon, and Plaintiff seeks to assert this claim against Warden Yordy and IDOC as well.

## II.)      ARGUMENTS AND AUTHORITIES

### A.) Legal standards for a motion to dismiss under F.R.C.P. 12(b)(6).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. These holdings have collectively become recognized as the *Iqbal-Twombly* standard of pleading.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.*

(quoting *Twombly*, 550 U.S. at 557).  However, since *Iqbal* and *Twombly*, numerous courts have held that facts may be pleaded on information and belief – especially where the underlying evidence is peculiarly within the defendant's possession.  *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010); *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d. Cir. 2008); *Waldo v. Eli Lilly & Co.*, 2013 U.S. Dist. LEXIS 145772 (E.D. Cal., October 8, 2013); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 999 (N.D. Cal. 2009); *Dixie v. Virga,* 2015 U.S. LEXIS 11429 (E.D. Cal., Jan. 30, 2015); *GCIU-Employer Ret. Fund v. Quad/Graphics, Inc.*, 2016 U.S. Dist. LEXIS 69396 (C.D.Cal, May 26, 2016).

**B.)    Plaintiff has pled sufficient facts to establish a legally cognizable claim against Warden Yordy, in his individual capacity, for violating 42 U.S.C. §1983.**

The proper pleading of a §1983 claim requires a plaintiff to assert that an individual defendant, while acting under color of state law, deprived him or her of certain rights, privileges, and/or immunities which were secured by the U.S. Constitution or other laws and that such deprivation caused damages.  Plaintiff has done that.  *FAC* at ¶¶40 and 41.  Throughout the *FAC*, Plaintiff has specifically pled, when certain allegations or averments were being asserted against all Defendants, the State Defendants, or only against the Corizon Defendants.  With that distinction of the parties and recognizing that a complaint is to be a short, concise statement of the allegations supporting a claim, as contemplated in F.R.C.P. 8, Plaintiff submits that there are sufficient allegations contained in the *FAC* to plead a §1983 claim against Warden Yordy in his individual capacity.

Plaintiff has also alleged in the *FAC* that Defendants, collectively and thus including Warden Yordy in his individual capacity, exhibited deliberate indifference to Plaintiff's medical needs.  *FAC* at ¶¶25 and 28.  Plaintiff has alleged that his constitutional rights and privileges (i.e.

Eight Amendment guarantee against cruel and unusual punishment) were violated due to the inadequate provision of medical care. *FAC* at ¶33. Plaintiff has further alleged that Defendants, collectively and thus including Warden Yordy in his individual capacity, had a policy and custom of delaying and denying medical treatment to inmates in order to save costs and had a policy and custom of delivering substandard, medical care to inmates thus subjecting inmates to cruel and unusual punishment prohibited by the Eight Amendment. *FAC* at ¶34. The FAC also clearly asserts that Defendants, collectively and thus including Warden Yordy in his individual capacity, had a custom of not hiring qualified, medical staff which resulted in Plaintiff's medical needs not being addressed which amounted to deliberate indifference to his medical needs as prohibited by the Eight Amendment. *FAC* at ¶35. Plaintiff submits that these allegations are sufficient to state a §1983 claim upon which relief can be granted and meet the notice pleading standard even since the advent of the *Iqbal-Twombly* standard.

It is clear from the allegations of the *FAC* that Warden Yordy has been sued in his individual capacity. *FAC* at ¶10. Plaintiff has set forth sufficient allegations to plead a §1983 claim against Warden Yordy in his individual capacity. Therefore, the instant motion to dismiss for failure to state a claim should be denied with respect to the §1983 claim which has been pled in the *FAC* against Warden Yordy in his individual capacity.

**C.)    Conversely, if this Court finds the *FAC* to be insufficient in pleading a §1983 claim against Warden Yordy in his individual capacity, Plaintiff moves this Court for leave to amend the complaint to allege further facts to support this civil rights claim.**

Plaintiff submits that the *FAC* currently sets forth sufficient allegations against Warden Yordy, in his individual capacity, to withstand the instant 12(b)(6) motion. However, should this

Court disagree, then Plaintiff seeks leave to amend the *FAC* to allege additional facts to support his §1983 claim against Warden Yordy.

Liberality of amendments is the default parameter for amending pleadings prior to the deadline to amend pleadings and join parties. In the case at bar, that deadline is not until August 27, 2018. Thus the liberal amendment of pleadings standard is applicable. As discussed in *C.F. v. Capistrano Unified*, 656 F.Supp.2d 1190, 1192 (C.D.Cal. 2009), there is a policy of favoring a liberality of amendments pursuant to F.R.C.P. 15. Such amendments should be allowed and freely granted, when justice so requires. F.R.C.P. 15(a)(2). In the case *sub judice*, justice so requires.

Under F.R.C.P. 15, after a responsive pleading has been served, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a). In general, Rule 15's policy favoring amendments to pleadings should be applied with "extreme liberality." *See U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.,* 470 F. 3d 1036, 1041 (11th Cir. 2006). A substantial reason only exists for denying leave to amend: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001). No such reasons exist here.

The State Defendants cannot show any of the factors from *Bryant* to be present in the case at bar. As outlined above, nothing in Rule 15 which would preclude the requested amendment. In fact, to the contrary, Rule 15 encourages the liberal amendment of pleadings. As such, the instant motion should be granted in light of Rule 15.

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS ALL CLAIMS AGAINST THE STATE DEFENDANTS AND IN SUPPORT OF MOTION TO AMEND THE COMPLAINT -- 6**

**D.)** **Plaintiff moves this Court for leave to amend the FAC to add Warden Yordy and IDOC as party-defendants for his claim of negligent retention, training, and supervision.**

The *FAC* only asserts its third cause of action for negligent retention, training, and supervision against Defendants Corizon, Migliori, and Agler. *FAC* at ¶¶52-61. With this memorandum and its accompanying motion, Plaintiff moves this Court for leave to amend the *FAC* to also include Warden Yordy and IDOC as party-defendants in this claim. As outlined in §II.C., *supra*, the amendment of pleadings should be liberally granted. At this stage of the case *sub judice*, Plaintiff now seeks to assert against all Defendants, including the State Defendants (i.e. Warden Yordy <u>and</u> IDOC), that Plaintiff's damages, including the loss of his left leg, resulted, at least in part, from the State Defendants' failure to select and retain an appropriate, medical contractor at the Idaho State Correctional Institution ("ISCI") and the State Defendants' failure to properly monitor and supervise the contract which it did enter with the Corizon Defendants for the provision of medical services at ISCI. Both of these failures resulted in the frequent, unreasonable denial and/or delay of medical care to inmates, including Plaintiff, which amounted to deliberate indifference to the inmates' medical needs, including Plaintiff. In light of the liberality of amendments under I.R.C.P. 15, Plaintiff submits that he should be granted leave of this Court to assert his third cause of action in the *FAC* against the State Defendants.

## III.)   <u>CONCLUSION</u>

Based on the foregoing arguments and authorities, Plaintiff respectfully requests this Court to deny the instant motion relative to the §1983 claim pled against Warden Yordy in his individual capacity. Further, with this filing, Plaintiff respectfully requests this Court to grant leave to amend the *FAC* to assert additional allegations against Warden Yordy relative to the §1983 claim, should

this Court find the pleading deficient in this regard, and to assert claims of negligent retention, training, and supervision.

DATED:  This 16th day of July, 2018.

JOHNSON & MONTELEONE, L.L.P.

*/s/ Jason R.N. Monteleone*_____
Jason R.N. Monteleone
Attorneys for Plaintiff/Plaintiff

**CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION**

      I CERTIFY that, on July 16, 2018, I caused a true and correct copy of the foregoing

document to be:

| | |
|---|---|
| ☐ Mailed<br>☐ Hand Delivered<br>☒ CM/ECF Electronic Filing<br>☐ iCourt E-File<br>☐ Transmitted Fax Machine<br>    to:<br>☐ Transmitted Via E-Mail<br>    to: *leslie.hayes@ag.idaho.gov* | Leslie M. Hayes, Esq.<br>Deputy Attorney General<br>954 W. Jefferson St., 2nd Floor<br>P. O. Box 83720<br>Boise, ID  83720-0010 |
| ☐ Mailed<br>☐ Hand Delivered<br>☒ CM/ECF Electronic Filing<br>☐ iCourt E-File<br>☐ Transmitted Fax Machine<br>    to:<br>☐ Transmitted Via E-Mail<br>    to: *KWest@parsonsbehle.com*<br>       *DEaton@parsonsbehle.com* | J. Kevin West, Esq.<br>Dylan A. Eaton, Esq.<br>PARSONS, BEHLE & LATIMER<br>800 W. Main Street, ste. 1300<br>Boise, ID  83702 |

                    JOHNSON & MONTELEONE, L.L.P.

                    */s/ Jason R.N. Monteleone*
                    Jason R.N. Monteleone
                    Attorneys for Plaintiff