UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| GARY L. MERCHANT, | Case No. 1:17-cv-524-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CORIZON, L.L.C., JOHN MIGLIORI, M.D., IDAHO DEPARTMENT OF CORRECTIONS, WARDEN KEITH YORDY, AND JOHN/JANE DOES I-X WHOSE TRUE IDENTITIES ARE PRESENTLY UNKNOWN, | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendants and a motion to amend filed by plaintiff Merchant. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant in part both motions.

## BACKGROUND

Plaintiff Merchant, an inmate at the Idaho State Correctional Institution, alleges that his leg had to be amputated after it became severely infected due to the defendant's deliberate indifference. Merchant has sued (1) the Idaho Department of Corrections (IDOC); (2) Warden Keith Yordy; (3) Corizon, a private corporation in contract with the State of Idaho to provide medical services to inmates; and (4) two treating physicians

who were Corizon employees. Merchant's original complaint contained claims (1) under § 1983; (2) for medical malpractice; and (3) for negligent training and supervision.

That original complaint contained several errors that prompted two of the defendants – IDOC and Warden Yordy – to file the motion to dismiss that is now before the Court. Merchant responded with a motion to amend, correcting some of those errors. For example, Merchant's original complaint contained a medical malpractice claim against IDOC and Warden Yordy, a claim that Merchant now concedes is improper, and he drops it from his proposed amended complaint.

While the defendants acknowledge the liberal policy allowing amendments at this early stage of the litigation, they point out that Merchant's motion failed to attach the proposed amended complaint. Merchant has now corrected that problem.

The defendants argue next that the proposed amendments carry through a flaw from the original complaint: They continue to seek monetary damages against IDOC, and against Warden Yordy in his official capacity. These claims are barred by the Eleventh Amendment and must be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

A plaintiff may seek declaratory or injunctive relief against a state entity such as IDOC or Warden Yordy in his official capacity, but Merchant has not included any such claim either in his original complaint or in his proposed amendments. Thus, IDOC must be dismissed as a party defendant, and all claims against Warden Yordy in his official capacity must likewise be dismissed.

Merchant's proposed amendments also seek to add a claim against Warden Yordy in his individual capacity for negligent training and supervision. Merchant's allegations in this claim do not mention § 1983, and so the Court assumes that this claim is based entirely on Idaho law. Neither party has briefed the requirements of Idaho law on this claim, and so the Court will not resolve whether Merchant's allegations address the elements of this claim. Instead, defendants argue that the proposed amendments fail to contain any allegations specifically explaining how Warden Yordy is responsible for deficient training and supervision. But the proposed amendments – liberally read as the Court is required to do – allege that Warden Yordy imposed a policy of cutting costs, hiring unqualified medical staff, and adopting deficient training and supervision programs. Those allegations are specific enough to satisfy the particularity requirements.

For all of these reasons, the Court will grant in part both the motion to amend and the motion to dismiss. Merchant shall file his proposed amended complaint after striking all allegations against IDOC and all allegations against Warden Yordy in his official capacity. In addition, Merchant shall strike any claims for medical malpractice against Warden Yordy in his individual capacity.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (docket no. 27) and the motion to dismiss (docket no. 19) are GRANTED IN PART AND DENIED IN PART. Merchant shall file his proposed amended complaint after striking

all allegations against IDOC and all allegations against Warden Yordy in his official capacity. In addition, Merchant shall strike any claims for medical malpractice against Warden Yordy in his individual capacity.

DATED: November 5, 2018

B. Lynn Winmill
Chief U.S. District Court Judge