UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY L. MERCHANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORIZON, L.L.C., JOHN MIGLIORI, M.D., DAVID AGLER, M.D., IDAHO DEPARTMENT OF CORRECTIONS, WARDEN KEITH YORDY, and JOHN/JANE DOES I-X, whose true identities are presently unknown,<br><br>　　　　Defendants. | Case No. 1:17-cv-524-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Dr. David Agler's Motion for Attorney's Fees Under Rule 54(d)(2) (Dkt. 74). Plaintiff opposes the motion (Dkt. 79). The Motion is fully briefed and at issue. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Plaintiff, Gary Merchant brought the above captioned action against Corizon L.L.C. and two of its doctors, including Dr. Agler. Merchant alleged violation of his civil rights, medical malpractice, and negligent hiring and supervision in

relation to treatment surrounding the amputation of his leg. *Amended Compl.*, Dkt. 4.

The Court heard arguments on Defendants' motion to strike Plaintiff's expert witnesses (Dkt. 58) and motion for summary judgment (Dkt. 57), and granted both motions from the bench. *See* Dkt. 71.

## ANALYSIS

Dr. Agler now requests an award of the attorney fees incurred in preparing for his deposition, as well as his motion for attorney's fees, under 42 U.S.C. §1988 and Idaho Code § 12-121. Agler argues that Merchant's claims were frivolous or without foundation. *Def.'s Mem.* at 4, Dkt. 74-1.

Section 1988 authorizes "the court, in its discretion, [to] allow the prevailing party ... a reasonable attorney's fee as part of the costs." § 1988(b). A district court may award attorney fees to a prevailing defendant only where the action brought is found to be unreasonable, frivolous, meritless or vexatious. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In determining whether this standard has been met, the district court must assess the claim at the time the complaint was filed, and avoid *post hoc* reasoning by concluding that, because a plaintiff did not prevail his action must have been unreasonable or without foundation. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (citations omitted).

At the hearing on Defendants' motions the Court struck Plaintiff's expert report because it was not timely filed. Therefore, there was no dispute of any material fact with regard to the local standard of care. Further the Court found that Merchant had not exhausted his administrative remedies so his § 1983 claim was barred. At the hearing, the Court noted that, even had Plaintiff's expert report not been struck, there was no dispute of material fact as to Dr. Agler's treatment of Merchant.

However, analyzing Merchant's claims at the time his complaint was filed, the Court finds that they were not frivolous or without foundation. Dr. Agler was the medical site director at the Idaho State Correctional Institute, where Merchant was treated by Corizon staff and ultimately had his leg amputated. *See Agler Depo.* at 64, 78-79, Dkt. 74-6. And, by his own admission, Dr. Agler saw Merchant while working for Corizon. *Id.* at 6. Even if Dr. Agler did not directly treat Merchant in relation to his leg amputation, he may have been deposed in relation to Merchant's negligent retention, training, and supervision claim.

Further, as Defendants acknowledge, Dr. Agler treated Merchant after he returned from having his leg removed. *See Def.'s Mem.* at 5 n.2, Dkt. 74-1. Merchant alleged that the delay in receiving his prosthetic leg led to preventable complications which constituted a breach of the local standard of care. *Amended*

*Compl.* ¶ 23, Dkt. 4. Although Merchant did not develop this point on summary judgment, it further supports the need to depose Dr. Agler.

Finally, Merchant was prescribed Humira which may have made an infection of his leg more likely. *See Pl.'s Resp.* at 3, Dkt. 79. While it is not clear from Dr. Agler's deposition transcript, there is some indication he may have prescribed Humira to Merchant. *Agler Depo.* at 55, Dkt. 74-6.

At the motion hearing, the Court did not hold that Merchant's claims were meritless or frivolous, only that there was no genuine issue of material fact as to Dr. Agler. Upon review of the record it is clear that Merchant's claims against Dr. Agler were not frivolous or without foundation, especially at the time he filed his amended complaint. Accordingly, the Court will deny Dr. Agler's motion for attorney fees.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Attorney's Fees (Dkt. 74) is **DENIED**.

DATED: February 3, 2020

B. Lynn Winmill
U.S. District Court Judge